FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATALIYA KYRYLENKO, | No. 07-73268 |
| Petitioner, | Agency No. A075-758-576 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2009**
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Nataliya Kyrylenko ("Kyrylenko"), a native and citizen of Ukraine, petitions

for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal

of an Immigration Judge's ("IJ") decision ordering her removed from the United

States. The IJ and the BIA found that Kyrylenko was not credible and that her

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

asylum application was untimely. We have jurisdiction over this matter pursuant to 8 U.S.C. § 1252(a)(1), and we deny Kyrylenko's petition.

The facts of this case are known to the parties. We repeat them only as necessary.

**I**

"When the BIA affirms and adopts an IJ's decision, this court reviews the decision of the IJ." *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). When the BIA provides additional reasons for adopting the IJ's decision, we review those additions as well. *See Rodriguez-Roman v. INS*, 98 F.3d 416, 425 n.11 (9th Cir. 1996).

We will uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted). Pursuant to 8 U.S.C. § 1252(b)(4)(B), substantial evidence exists "unless any reasonable adjudicator would be compelled to conclude to the contrary."

**II**

Substantial evidence supports the IJ's and BIA's conclusion that Kyrylenko untimely filed her asylum application and failed to demonstrate extraordinary circumstances to excuse her delay.

In order to be eligible for asylum, an alien must "demonstrate by clear and convincing evidence that [the alien's asylum] application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). This deadline can be excused if the alien shows that "extraordinary circumstances" prevented the alien from filing the asylum application within the 1 year deadline. 8 U.S.C. § 1158(a)(2)(D).

Here, Kyrylenko entered the United States on or about July 29, 1998 and withdrew from the college in Kentucky in late 1998. She did not file her asylum application until May 2001, almost three years after entering the United States and two and a half years after withdrawing from the college. Her application was thus filed well after the one year limit set forth in 8 U.S.C. § 1158(a)(2)(B). She has also failed to demonstrate any extraordinary circumstances to excuse the delay.

**III**

Substantial evidence also supports the IJ's and BIA's adverse credibility finding.

3

"[T]he use of a fraudulent document may, considering the totality of the record, lend support to an adverse credibility finding." *Yeimane-Berhe v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004); *see also Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (holding that forged documents that go the heart of an alien's claim can support an adverse credibility finding). Still, a counterfeit document will not support an adverse credibility finding if the petitioner's "testimony was corroborated by other testimony and evidence, nothing else in the record suggests that [the petitioner] is not credible, and there is no evidence indicating that [the petitioner] knew the document was fraudulent." *Yeimane-Berhe*, 393 F.3d at 911.

Here, the IJ and BIA found Kyrylenko to not be credible for several reasons. Kyrylenko submitted a forged birth certificate in an attempt to prove her Jewish ethnicity, a critical element of her assertion that she would suffer persecution in Ukraine for ethnic reasons. Kyrylenko offered inconsistent testimony about the document's counterfeit nature, first claiming that it was the original document her parents received at her birth and then asserting that it was a reproduction obtained when she ten.

Additionally, Kyrylenko offered implausible testimony that she did not know that Mid-Continent Baptist Bible College was a religious institution. The record indicates that Kyrylenko is well educated, rendering entirely implausible her

4

testimony that she was unaware of the religious nature of an overtly religious institution. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (holding that "testimony that is 'implausible in light of the background evidence' can support an adverse credibility finding" (internal citations and emphasis omitted)).

In the aggregate, these considerations provide substantial evidence for the IJ's and BIA's adverse credibility finding. Kyrylenko has not presented evidence sufficient to "compel[]" a finding contrary to that of the IJ. 8 U.S.C. § 1252(b)(4)(B).

**IV**

Substantial evidence supports the IJ's and BIA's conclusion that Kyrylenko failed to demonstrate that she would be subjected to persecution on account of an enumerated ground.

In order to be granted withholding of removal, an alien must demonstrate a "clear probability" that he or she "would be subject to persecution on [protected grounds]." *INS v. Stevic*, 467 U.S. 407, 429–30 (1984). In order to show clear probability of persecution, an alien may demonstrate either past persecution or a threat of future persecution. 8 C.F.R. § 1208.16(b).

Here, Kyrylenko was properly found to not be credible regarding her assertions that she is of Jewish ethnicity. Even if she had been deemed credible,

5

the country reports do not indicate that Kyrylenko would have suffered persecution on account of being ethnically Jewish.

Likewise, Kyrylenko's claim of potential persecution on account of political opinion is entirely uncompelling. Kyrylenko failed to provide any evidence that she wrote articles critical of the Ukraine government and any testimony that she had ever suffered persecution for political reasons. Absent any such evidence and in light of the IJ's and BIA's proper adverse credibility finding, substantial evidence supports the denial of Kyrylenko's application for withholding of removal.

## V

Finally, the IJ's and BIA's denial of relief under CAT is supported by substantial evidence.

In order to be granted relief under CAT, an alien must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *see also Kamalthas v. INS*, 251 F.3d 1279, 1282 (9th Cir. 2001). CAT relief is not warranted "absent evidence of public officials' consent or acquiescence." *Azanor v. Ashcroft*, 364 F.3d 1013, 1019 (9th Cir. 2004) (internal quotations and citations omitted).

Here, Kyrylenko has failed to provide any detailed account, much less a plausible one, in support of her claim that she would be detained and tortured with the consent of the Ukraine government. On the contrary, the country reports generally indicate the Ukraine government combats anti-Semitism and prohibits torture. The country reports combine with the adverse credibility determination and the dearth of compelling evidence in favor of Kyrylenko's assertions to provide substantial evidence supporting the denial of Kyrylenko's application for CAT relief.

## VI

Kyrylenko's remaining argument regarding due process is without merit.

**DENIED.**